COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Victor Lenard Hammonds v. The State of Texas

Appellate case number:    01-14-00944-CR

Trial court case number:  1402604

Trial court:                      230th District Court of Harris County

On November 6, 2014, appellant, Victor Lenard Hammonds, was convicted of the felony offense of intoxicated assault with a vehicle causing serious bodily injury. *See* TEX. PENAL CODE ANN. 49.07(a)(1). Appellant, acting pro se, filed his notice of appeal on November 17, 2014. *See* TEX. R. APP. P. 26.2. The record was due on January 5, 2015. *See* TEX. R. APP. P. 35.2(a). The clerk's record was filed on January 6, 2015 and the reporter's record has not been filed. On December 29, 2014, the court reporter responsible for preparing the record in this appeal informed the Court that appellant had not requested preparation of the record or had not made arrangements to pay for the reporter's record.

Although appellant was represented by appointed counsel in the trial court, the notice of appeal was filed pro se, thereby suggesting that counsel does not intend to represent appellant on appeal. Nevertheless, appointed counsel continues to represent appellant because counsel has not been discharged by the trial court and the appeal has not been exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2014) (providing that appointed counsel shall "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). Neither a motion to withdraw as counsel nor an order granting such withdrawal appears in the record. Therefore, the record is unclear as to whom, if anyone, represents appellant on appeal.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed trial counsel, Steven Greenlee, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or by closed-circuit video teleconferencing.

We direct the trial court to:

1)  Determine whether appellant still wishes to pursue this appeal;

2) Determine whether appellant's appointed trial counsel, Steven Greenlee, intends to represent appellant on appeal; and, if not, whether to allow counsel to withdraw;

3) Determine whether appellant is now indigent, and
   a. if appellant is indigent, (i) appoint substitute appellate counsel at no cost to appellant if appellant's appointed trial counsel is allowed to withdraw and (ii) order the court reporter to file the reporter's record in this case within **30 days** of the date of the hearing, at no cost to appellant;
   b. if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:
      1. determine whether appellant is knowingly and intelligently waiving his right to counsel and (A) if so, obtain a written waiver of the right to counsel, or (B) if appellant does not wish to proceed pro se, provide a deadline of no more than **30 days** from the date of the hearing by which appellant must hire substitute counsel; and
      2. provide a deadline of no more than **30 days** from the date of the hearing by which appellant must provide written evidence demonstrating payment of the reporter's record and further notify appellant that failure to provide such evidence may result in consideration of his appeal without a reporter's record.

4) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

5) Make any other findings and recommendations the trial court deems appropriate.

*See* Tex. Crim. Proc. Ann. art. 1.051(a), (c), (d)(1), (f) (West 2005), 26.04, Tex. R. App. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within **30** days from the date of this order. The trial court's findings and recommendations and any orders issued pursuant to the hearing shall be included in a supplemental clerk's record and filed in this Court within **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ <u>Jane Bland</u>
⊠ Acting individually    ☐ Acting for the Court

Date:  August 18, 2015